## Samuel Daly v. Ed. M. Spiller, administrator.

1. ASSIGNMENT—*how character of, as security established.* The evidence that an assignment was intended by the parties as security for a debt, may be established by their conduct, as well as by their oral statements.

2. PLEDGE—*effect of default upon right to redeem.* Where an assignment is made as security for the payment of a debt, the default in such payment does not operate to extinguish all right in the *res*, but the right of redemption continues until barred by proper procedure.

Bill of interpleader. Appeal from the Circuit Court of Massac County; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

J. C. Courtney and Angus Leek, for appellant.

C. L. V. Mulkey, for appellee.

Mr. Justice Myers delivered the opinion of the court.

The Mutual Life Insurance Company of New York filed a bill of interpleader in the Circuit Court of Massac county and made appellant, Samuel Daly, and appellee, Ed. M. Spiller, administrator of the estate of Samuel W. Green, deceased, parties defendant. The purpose and prayer of the bill was to require the defendants to litigate their claims to $3,469.32, the proceeds of a life policy issued by complainant upon the life of the said Samuel W. Green, now deceased. Without formal decree requiring it, the defendants interpleaded and presented their respective claims to the court by answer and cross-bill. Upon issues joined and evidence heard, the court entered a decree fixing the rights of the parties in and to the fund, from which Samuel Daly, one of the defendants, appealed.

It appears from the evidence in the record that on November 7, 1890, appellee's intestate, Samuel W. Green, insured his life for $5,000 on the ten-year payment plan, the annual premium required being $213.50. He was then twenty-five years of age. In September, 1895, after he had paid the premium for four years, he applied to appellant, a money lender, through an agent, for a loan of $800, for which he gave his promissory note, payable one year after date. At the same time, September 27, 1895, two other writings were executed and delivered into the hands of appellant, together with the note and insurance policy. One of these instruments purports to be an absolute assignment of the policy; the other recites that the policy has been assigned to appellant for $800, for which the note was given, and provides that if the note is paid when due that appellant will reassign the policy to Green. The note was not paid when due, but on October 5, 1896, after it became due, Green made a payment of $100; and November 2, 1897, he paid the interest to that date. Both payments were received and at the time indorsed on the note

by appellant. A number of other financial transactions relating to the borrowing of money and the payment of premiums, were carried on between appellant and Green and continued until a short time before Green's death. As late as July 1, 1900, appellant signed and delivered to Green this statement in writing: "This day I agree to surrender to Samuel W. Green policy No. 424,533 Life Insurance if paid by the Company and Samuel W. Green to me in sixty days from date the sum of $1,700.00. If not paid as above stated this agreement to be null and void."

Within four months of Green's death and prior thereto, appellant filed a bill in chancery to foreclose his lien upon this policy for the payment of the $800 note, interest, and premiums paid by appellant and for an accounting. It was represented in the bill that the policy had been pledged as collateral security for the note. Green did not answer the bill and was defaulted. After his death, and at a subsequent term of the court, the bill was dismissed and a demand made upon the insurance company for the sum due upon the policy.

Under the evidence in this case the finding of the Circuit Court that the policy of insurance was assigned to appellant as a pledge or collateral security for the payment of the $800 note, and that it was so received by appellant, was fully justified. This is the construction given to the transaction by the parties themselves. Their purpose and intention is clearly manifest by their conduct and conversation before and at the time the writings were executed, and subsequently until the death of Green. Where property is pledged the pledgor has the right to redeem it by payment of the debt and though it is not paid within the time fixed, the absolute property does not pass to the pledgee, for the pledgor, notwithstanding his default, is entitled to redeem. A stipulation in the contract that upon default of the pledgor, the property shall vest in the pledgee without equity of redemption, is voidable; and notwithstanding such a provision the pledgor may pay the debt and redeem the property. On the other hand, after the debt becomes

due the pledgee has an option, either to make his debt out of the property pledged, or pursue his remedy against the pledgor the same as though there had been no contract of pledge between them. He may hold the pledged property until the debt is paid. Appellant exercised his rightful option to retain the property, and may not complain that equity requires an accounting and payment to appellee of any surplus after he has been fully reimbursed. There is nothing in the facts and circumstances appearing in evidence or any equitable principle applicable to the controversy in this case, that would justify the application of the doctrine of laches. No complaint is made of the court's finding and statement of the account between the parties. The decree is therefore affirmed.

*Affirmed.*